# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1164 | **DATE** | 9/7/2004 |
| **CASE TITLE** | David Kudish vs. Howard Freedland | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Order. Leave is granted to Freedland-Pinter's counsel to submit an appropriate amendment to their Answer (but not to the stricken Ads) by a filing in this Court's chambers on or before September 20, 2004. In the meantime, Kudish's response to the counterclaim will be due in accordance with the regular schedule for such reply pleadings.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 9 – 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 18 |
| | Copy to judge/magistrate judge. | | 9/8/2004 | |
| | | courtroom deputy's initials | date mailed notice | |
| | SN | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
SEP 9 2004

DAVID J. KUDISH,　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　　）
　　　Plaintiff and　　　　　　　　　）
　　　Counterdefendant　　　　　　　　）
　　　　　　　　　　　　　　　　　　　）
　v.　　　　　　　　　　　　　　　　　）　No. 04 C 1164
　　　　　　　　　　　　　　　　　　　）
HOWARD FREEDLAND, individually and　）
d/b/a "Lido Capital" and KEITH PINTER,）
individually, and d/b/a "Lido Capital,"）
　　　　　　　　　　　　　　　　　　　）
　　　Defendants and　　　　　　　　　）
　　　Counterplaintiffs.　　　　　　　）

## MEMORANDUM ORDER

Howard Freedland and Keith Pinter (collectively "Freedland-Pinter") have filed their Answer, Affirmative Defenses ("ADs") and Counterclaim in opposition to the Amended Complaint ("AC") brought against them by David Kudish ("Kudish"). This memorandum order is issued sua sponte to require the correction of some obvious deficiencies in that responsive pleading.

To begin with, Answer ¶¶ 5 and 6 improperly fail to answer the corresponding allegations in the AC because Freedland-Pinter characterize those allegations as legal conclusions. In that respect, see App. ¶ 2 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Indeed, the purported denial of "all factual allegations" in Answer ¶ 6 is totally inconsistent (for example) with the admissions set out in Answer ¶ 9. Answer ¶¶ 5 and 6 are therefore stricken.

Next, how can Freedland-Pinter claim in good faith that they

lack information to form a belief as to when <u>Freedland</u> admittedly sent a document to Kudish (see Answer ¶ 11)? Answer ¶ 11 is also stricken.

Answer ¶ 17 is doubly flawed. As to the notion that any document "speaks for itself," see App. ¶ 3 to <u>State Farm</u>. And a purported denial of allegations that are said to be "contrary to, or inconsistent with," the contents of such a written document impermissibly calls for Kudish and this Court to read the minds of Freedland-Pinter and their counsel as to the scope of such denial. Hence Answer ¶ 17 is also stricken.

Although there may be other aspects of the Answer that are problematic, this Court will not essay a complete runthrough of its provisions, preferring instead to leave that to Kudish's counsel. But the ADs are problematic in several respects:

> 1. To the extent that Freedland-Pinter charge the insufficiency of Kudish's securities laws claims as a matter of law rather than fact, their counsel must bring that contention on promptly by filing an early motion and supporting memorandum (such claimed insufficiency should obviously be addressed as a threshold matter). Counsel's failure to do so will be treated as a waiver -- more accurately a forfeiture -- of that defense.
>
> 2. AD 2 is stricken. Its challenge to Kudish's breach of contract claim fails to accept, as Fed.R.Civ.P. ("Rule") 8(c) and the case law require, Kudish's allegations as gospel. In that respect, see also App. ¶ 5 to <u>State Farm.</u>
>
> 3. ADs ¶¶ 3 and 4 suffer from the same flaw. They call for crediting the Freedland-Pinter allegations in their counterclaim, rather than Kudish's AC allegations that are at odds with their version.

2

ADs ¶¶ 3 and 4 are also stricken (Freedland-Pinter suffer no prejudice as a result, for their counterclaim stands on its own).

    4. AD ¶ 5 also contradicts Kudish's allegations, contradictions that have already been expressed by the Freedland-Pinter denials of Kudish's corresponding allegations. That AD is stricken as well.

Lease is granted to Freedland-Pinter's counsel to submit an appropriate amendment to their Answer (but not to the stricken ADs) by a filing in this Court's chambers (with a copy to be sent contemporaneously to Kudish's counsel) on or before September 20, 2004. In the meantime, Kudish's response to the Counterclaim will be due in accordance with the regular schedule for such reply pleadings.

                                        /s/ Milton I. Shadur
                                        Milton I. Shadur
                                        Senior United States District Judge

September 7, 2004.